12544. AMERICAN MACHINE AND MANUFACTURING
COMPANY *v.* DAVIS.

The petition set out a cause of action, and the general demurrer was properly overruled.
DECIDED DECEMBER 14, 1921.

Action for damages; from Fulton superior court — Judge Pendleton. April 26, 1921.

*Westmoreland & Smith,* for plaintiff in error.

*Hewlett & Dennis,* contra.

STEPHENS, J. After an examination of the record in this case, the following, quoted substantially from the brief of counsel for the defendant in error, is adopted as our opinion in this case: Charlie Davis filed his petition against the American Machine & Manufacturing Company, alleging: that he was in its employment on June 4, 1920, as an operator of an air-hammer, and on said date was directed by one Black, a foreman who was in charge of him and whose duty and right it was to direct him as to the kind and class of work that he was to do and as to the place or places in which he was to perform said work, to leave his work at the air-hammer and go into the foundry-room and assist in moving a heavy iron door; that the iron door was to be raised by means of a block and tackle, fastened to a crane operated over tracks by means of wheels which ran on the tracks; that said door was being raised by means of said block and tackle, and, as it cleared the ground, so that its entire weight was imposed upon the crane, the latter began

to move over the tracks, and had moved but a short distance, when, without any warning, both the crane and all of its parts, together with the door attached to it, suddenly and swiftly fell from its tracks or rails to the ground beneath, striking the petitioner and severely injuring him. After a detailed statement of the injuries the petition stated that the wheels of the crane were so affixed to it as that the flanges were on the outside of the rails, and the supports between the rails, as well as those between the wheels, were loose, so that when weight was brought to bear upon the crane the rails and supports would give, and thereby would leave the tracks, thus causing the crane to fall; that the track was broken, and, on account of all of said defects, the crane fell, and by reason of the same had previously fallen at least three times in the interim of the several months immediately preceding the date of the petitioner's injuries. The petition further stated: that the plaintiff knew nothing of the defects and insufficiencies aforesaid; that he was not warned of them by defendant or by any other person; that said defects and insufficiencies were known to defendant, or, in the exercise of ordinary care, should have been known to it; that he was in the exercise of ordinary care and was free from fault and blame in the premises, and his injuries were occasioned by negligence on the part of the defendant: (1) in ordering him to use and operate the crane in its defective condition aforesaid; (2) in furnishing to him a dangerous and unsafe instrumentality with which to work; (3) in placing him to work in a dangerous and unsafe place; and (4) in failing to warn him of the dangers incident to the work.

The defendant filed a demurrer alleging simply that the petition set forth no cause of action. The demurrer was properly overruled. The following objections are urged in the brief of counsel for the plaintiff in error; in an effort to show that the petition sets forth no cause of action: (1) that it shows on its face that the plaintiff failed to exercise ordinary care for his own safety; (2) that none of the acts of negligence set forth in paragraph 15 of the petition constitute actionable negligence; (3) that the petition shows that the plaintiff was injured by the acts of a fellow servant; (4) that the petition contains no allegation that the plaintiff did not have equal means with the master of ascertaining the defects that caused his injuries, and by the exercise of ordinary care could not have known of said defects.

The petition does not disclose a want of ordinary care on the part of the plaintiff. He states therein that he knew of no defects or insufficiencies in the equipment that was being used in the work, which was aside from his regular line of work and in another part of defendant's plant. That being the case, there would be no obligation on his part to jump out of the way immediately after hoisting the door. Had the crane in all of its parts been in good order, there would have been no want of ordinary care in standing under or adjacent to the place. There is no allegation that he was looking right at the machine when it fell. The petition is silent as to the exact position he occupied or as to the way in which he was looking. This might have been the subject-matter of a special demurrer, but certainly a general demurrer did not cover it. In the first specification of negligence it is alleged that the petitioner was ordered by the man who had him in charge, and who assigned work to him, and who directed where he should work, to go to the foundry room and assist in moving a heavy iron door. It is true there is no allegation that he was ordered to move it by means of the block and tackle and crane, but it would be fair to infer that such was the case, because very heavy objects are moved in machine shops by means of cranes. In the second specification it is alleged that the defendant furnished to the plaintiff a dangerous and unsafe instrumentality with which to work. Bearing in mind the allegations of the petition respecting the way that the wheels were put on the rails, and the looseness of the supports of the rails and the wheels, and the further important allegation that the track or the rail was broken, it seems that the plaintiff was furnished with a dangerous and unsafe instrumentality. The third specification has to do with the negligence of putting the plaintiff to work in a dangerous and unsafe place. This, of course, was a permanent structure. Cars and tracks are not built indoors, in manufacturing plants, to be used a short time and then discarded. They are as much of a fixture as a furnace, or the foundation of an engine, or any other piece of heavy machinery which is given a place in the factory or machine-shop from its very inception. The last specification complains of a failure to warn the petitioner. The obligation rests upon the master to warn the servant of any defect or insufficiency not known to the servant and which could not be discovered by the exercise of ordinary care on the servant's part,

and which is latent in its nature. This certainly ought to apply to a track constructed in the top of a building, and the wheels and supports, etc., connected with the track and the crane running over it. The master is required to inspect his appliances. There is no duty upon the part of the servant of inspection, especially where the servant is changed from the work that he was employed to do and given a new and an altogether different job, as appears to have been done in this case.

With regard to the charge that the petition did not contain an allegation that the plaintiff did not have equal means with the master of ascertaining the defects that caused the injury, and by the exercise of ordinary care could not have known thereof, it appears that the plaintiff had left his accustomed work and gone off to an entirely new job, outside of his regular employment; that the crane and all its parts were some distance from the ground, approximately twelve feet, and that the crane had fallen three times shortly before this. Is it an unreasonable inference, from all these facts, that the servant did not have equal means with the master of ascertaining the defects which caused his injury?

The petition set out a cause of action and was good as against general demurrer.

*Judgment affirmed. Hill, J., concurs. Jenkins, P. J., disqualified.*